UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

LEO BRENT BOZELL IV,
also known as Zeeker Bozell,

Defendant.

Case No. 21-CR-216 (JDB)

## ORDER

Defendant is charged via indictment with two felony and five misdemeanor offenses related to the events that occurred at the United States Capitol on January 6, 2021. At defendant's arraignment scheduled on this date, the Court set a subsequent status hearing for May 5, 2021. The government moved orally to exclude the time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., from today through May 5, 2021. Defendant objects to this request.[1] As explained below, the Court will continue this matter until May 5, 2021, and exclude the time between March 26, 2021 and May 5, 2021 under the Speedy Trial Act. The Court makes the following findings:

Discovery in this case is complex. The investigation and prosecution of offenses relating to the events of January 6 will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and quantity of the evidence. And the volume of discoverable materials is likely to be significant even in cases involving a single defendant. Over 300 individuals have already been charged in connection with these events, and the government expects to charge at least 100 more. In other cases, the government has represented

---

[1] The Court notes that, on February 17, 2021, at defendant's initial appearance following the February 11, 2021 complaint against him, the parties jointly moved to exclude time under the Speedy Trial Act from February 17, 2021 through April 21, 2021. Magistrate Judge Meriweather granted that motion. Min. Entry (Feb. 17, 2021).

that the evidence accumulated thus far includes: (a) more than 15,000 hours of surveillance and worn camera footage from multiple law enforcement agencies; (b) approximately 1,600 electronic devices; (c) the results of hundreds of searches of electronic communication providers; (d) over 210,000 tips, of which a substantial portion include video, photo and social media; and (e) over 80,000 reports and 93,000 attachments related to law enforcement interviews of suspects and witnesses and other investigative steps.

In light of this complexity, the government is developing a comprehensive plan, in consultation with the Federal Public Defender, for handling discovery across all cases connected to the January 6 events. The discovery most directly and immediately related to pending charges in cases involving detained defendants will be provided within the next thirty to sixty days. Cases that do not involve detained defendants will follow thereafter. Furthermore, it will take time to develop a system for storing, organizing, searching, producing and/or making available the full scope of discoverable materials—such as those that are less directly and immediately related to the pending charges—to all defendants. In this case, the government has provided some discovery that is directly related to the charges against defendant and has represented that it is preparing additional materials for production.

Due to the number of individuals currently charged in connection with the events of January 6, the scope of the ongoing investigation, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to schedule a further status call would likely make a continuation of this proceeding impossible, or result in a miscarriage of justice. For the same reasons, it is unreasonable to expect adequate preparation for pretrial proceedings or trial itself within the time limits established by the Speedy Trial Act. Hence, under 18 U.S.C.

§§ 3161(h)(7)(B)(i) and (ii), the ends of justice served by continuing this matter from March 26, 2021 to May 5, 2021 outweigh the best interest of the public and the defendant in a speedy trial.[2]

\* \* \*

For the foregoing reasons, it is hereby **ORDERED** that this matter is continued until and a further status conference is set for May 5, 2021 at 10:00 a.m.; and it is further **ORDERED** that the time period from March 26, 2021 through and including May 5, 2021 is hereby excluded from the computation within which a trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: March 26, 2021

---

[2] The Court also notes that, in light of the "exigent circumstances created by the COVID-19 pandemic," Chief Judge Howell has entered a District-wide Standing Order excluding time through August 31, 2021 under 18 U.S.C. § 3161(h)(7)(B)(i) in all criminal cases "that cannot be tried consistent with [] health and safety protocols and limitations." See Standing Order No. 21-10 (BAH) (Mar. 5, 2021).