```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
 2     _____

 3     United States of America,    ) Criminal Action
                                    ) No. 1:21-cr-00216-JDB
 4                   Plaintiff,     )
                                    ) Status Hearing (via
 5     vs.                          ) videoconference)
                                    )
 6     Leo Brent Bozell IV,         ) Washington, D.C.
                                    ) May 5, 2021
 7                   Defendant.     ) Time:  10:00 a.m.
       _____

 8
            Transcript of Status Hearing (via videoconference)
 9                            Held Before
            The Honorable John D. Bates (via videoconference)
10                     United States Senior Judge
       _____

11
                        A P P E A R A N C E S
12
       For the Plaintiff:     Michael J. Friedman
13     (via videoconference)  U.S. ATTORNEY'S OFFICE FOR THE
                              DISTRICT OF COLUMBIA
14                            555 Fourth Street, Northwest
                              Washington, D.C. 20530
15
       For the Defendant:     David B. Deitch
16     (via videoconference)  BERENZWEIG LEONARD, LLP
                              8300 Greensboro Drive, Suite 1250
17                            McLean, Virginia 22102
       _____

18
       Stenographic Official Court Reporter:
19     (via videoconference)  Nancy J. Meyer
                              Registered Diplomate Reporter
20                            Certified Realtime Reporter
                              United States Courthouse, Room 6509
21                            333 Constitution Avenue, Northwest
                              Washington, D.C. 20001
22                            202-354-3118

23

24

25
```

1                    P R O C E E D I N G S

2              (REPORTER'S NOTE:  This hearing was held during the
   COVID-19 pandemic restrictions and is subject to the
3  limitations of technology associated with the use of
   technology, including but not limited to telephone and video
4  signal interference, static, signal interruptions, and other
   restrictions and limitations associated with remote court
5  reporting via telephone, speakerphone, and/or
   videoconferencing.)

6

7              THE COURTROOM DEPUTY:  This Honorable Court is now in

8  session.  The Honorable Judge John D. Bates presiding.

9              Your Honor, we have Criminal Action 21-216,

10 United States of America v. Leo Brent Bozell IV.

11             We have Mr. Michael Friedman representing the

12 government, Mr. David Deitch representing Mr. Bozell, and all

13 parties are appearing by video.

14             THE COURT:  All right.  Good morning.

15             We're here for a status.  And why don't I ask the

16 government where it believes things stand and are headed.

17             MR. FRIEDMAN:  Yes, Your Honor.  Michael Friedman for

18 the United States.

19             The United States has made several discovery

20 productions.  I believe we've made four productions of

21 discovery during the course of this case so far.  I've had a

22 chance to speak with -- with Mr. Deitch and to discuss the

23 status of discovery.  We -- we do have additional discovery

24 that we will be compiling and producing to the defense.

25             One of those items of discovery that we're -- we're

1    working on getting into a form where it can be transferred to

2    me and then I can disclose it to the -- to the defense is the

3    image of a cell phone that was seized at the time that the

4    defendant was -- was arrested a couple of months ago.  We

5    produced some of the review of the contents of the cell phone

6    and an FBI report detailing their perspective on some of the

7    relevant materials, but we have, sort of, a full image of the

8    phone, which I'm told is a very large, multi-gigabyte file, I

9    believe.

10         And so the FBI is working on transferring it to me so I

11   can disclose it to the defense, but it's taking a little bit of

12   time.

13         Additionally, Your Honor, there -- there will be

14   additional discovery that we are not yet fully in a position

15   to -- to know the full scope of because of the challenges of

16   the Capitol riot cases in general.  This was an incident that

17   involved hundreds of individuals, numerous law enforcement

18   agencies.  There's ongoing criminal investigations.  There have

19   been hundreds of search warrants.  Thousands of hours of video

20   footage, I believe, has been obtained by the government

21   from -- from various sources.  And so my office is working on

22   preparing a way for a broader collection of this sort of

23   footage to be made available to defendants and to defense

24   attorneys.  But it's a very complicated process, and my

25   understanding is that the process of preparing that for how

1    it's going to work is still -- is still being worked out.

2          So we do think that it's appropriate to schedule another

3    status hearing in -- around 60 days from now so that, in the

4    meantime, the government can continue to produce discovery and

5    so that the parties can have a chance to discuss through

6    counsel whether there will be a pretrial resolution of this

7    matter or whether it will go to trial.  We have not had a

8    chance to discuss that question in detail yet.  I have not yet

9    obtained authority to extend a plea offer, but that's something

10   that I'm -- I'm working on.

11         And so we think a continuance and a new status hearing

12   is appropriate.  It would also be appropriate to exclude time

13   under the Speedy Trial Act in the meantime.  The Chief Judge

14   has issued an order which is in place that all criminal cases

15   have an exclusion of time under the Speedy Trial Act due to the

16   pandemic and the challenges that the Court and the attorneys

17   are dealing with with scheduling trials and holding trials and

18   due to the backlog of cases.

19         In addition, it's also appropriate that Your Honor issue

20   an order excluding time in the interest of justice for those

21   reasons and also for the reasons that I've discussed, the fact

22   that the government is still producing discovery and that there

23   needs to be reasonable time to -- to do so, and for the defense

24   to review it and to prepare for trial.

25         THE COURT:  All right.  Thank you, Mr. Friedman.

1          One question I'll have for you is -- well, I'll not do

2     it in the form of a question.  I'll do it in the form of an

3     observation.  The observation is that I would be very

4     disappointed if we do simply set another status in, let's say,

5     60 days, which is what you've requested; that I'll be very

6     disappointed if the government had not gotten a lot more

7     discovery done but also, equally important, come to conclusions

8     with respect to any discussion of pretrial resolution that

9     could be had.  I don't want to be in a position for another

10    status call of general uncertainty.

11          So with that observation, Mr. Deitch, I'll turn to you.

12          You're muted, Mr. Deitch.  You're muted.

13          MR. DEITCH:  You're muted to be COVID-polite and then

14    I couldn't get back.  David Deitch for Mr. Bozell.  Good

15    morning, Your Honor.

16          THE COURT:  Good morning.

17          MR. DEITCH:  Your Honor, Mr. Friedman is correct that

18    we have not received all of the discovery.  One slight

19    correction, and it's not intended as a slight to Mr. Friedman

20    at all, but when he said he had not discussed -- excuse me --

21    any proposed resolution in detail, we haven't discussed any

22    proposed resolution at all.  There's really been no discussion.

23    So although I've been requesting that Mr. Friedman let me

24    know -- and I understand he's not yet prepared to -- to tell me

25    what the government is willing to do in terms of resolving the

1    case short of trial.

2         So I -- so I don't think -- so I understand that the

3    Court is likely to -- is going to adjourn this for a status

4    conference.  I -- all I can say, Your Honor, is that Mr. Bozell

5    is not going to consent to the exclusion of time.  I understand

6    Your Honor may make your -- a ruling similar to the one you

7    made at the last status conference excluding the time in the

8    interest of justice based on the factors that Mr. Friedman

9    addressed.

10        THE COURT:  All right.  Well, I've already cautioned

11   that we need discovery to move forward further than it has and

12   that discussions between counsel about possible resolution

13   should move forward.

14        The question then is twofold.  How long before our next

15   status?  It does seem to me that 60 days is a reasonable but

16   healthy time period.  So I really think that 60 days should

17   enable us to have most of the discovery done and to have a

18   clearer picture as to whether there will be a pretrial

19   resolution or whether we're headed towards trial.

20        The remaining question then is speedy trial.  I did find

21   in an earlier order, either on March 26th or shortly

22   thereafter, that the time until this date should be excluded.

23   The reasons continue to be the same.  At some point those

24   reasons will lose their force, but I don't think they have yet.

25        I think the -- the scope of this matter in general, the

1   January 6th event, and the obligations of the government to do

2   a complete and careful production of all relevant discovery

3   demands some time, and the parties have not yet had an

4   opportunity to complete that process and give the defense a

5   chance to review it.  Nor have they had an opportunity to have

6   any discussions because the government has been proceeding

7   deliberately with respect to any potential plea offers that can

8   be made, but in 60 days, we should be able to get those matters

9   into a much clearer posture.

10          But I do find that in the -- for the reasons that have

11   been discussed and that were also present back on March 26th, I

12   find that the interests of justice outweigh the interests of

13   the defendant and the public in a speedy trial and, therefore,

14   for the same reasons as I issued in the order of -- I believe

15   it was March 26th, but I'm not sure that it wasn't a day or so

16   later -- for those same reasons, we're going to exclude the

17   time between this date and the date we are about to schedule.

18          Mr. Bradley, a date in approximately two months, that

19   would put us at the day after the 4th of July, I believe.

20   That's not a day that I will want to have a hearing, but

21   sometime in that neighborhood.

22              THE COURTROOM DEPUTY:  Okay.  You're free July 6th --

23   wait a minute.  That's the wrong calendar.  My apologies.

24          All right.  Well, it's the same.  Yes, you have no

25   hearings on the 6th, 7th, 8th.  You have a 10 o'clock civil

```
1    status on the 9th.
2              THE COURT:  So the 5th is a Monday?
3              THE COURTROOM DEPUTY:  The 5th is a Monday, yes.
4              THE COURT:  Okay.  How about Wednesday, the 7th?
5              MR. DEITCH:  That's fine, Your Honor.
6              THE COURT:  Counsel, at, shall we say, 10 o'clock?
7    Does that work, Mr. Deitch?
8              MR. DEITCH:  Yes.
9              THE COURT:  And Mr. Friedman?
10             MR. FRIEDMAN:  Yes.
11             THE COURT:  And, Mr. Bozell, I assume that you're
12   available at that time as well --
13             THE DEFENDANT:  Yes, Your Honor.
14             THE COURT:  -- the 7th of July at 10:00 a.m.?
15             THE DEFENDANT:  Yes, sir.
16             THE COURT:  All right.  So we'll have another status
17   at that time, which is 10:00 a.m. on July 7th.
18             Meanwhile, Mr. Bozell, you've been in compliance.  I've
19   gotten a report from pretrial services, and I commend you for
20   that, and you need to continue to comply with those conditions
21   because a failure to do so could be a serious matter for you.
22             And we have now another court date.  We're going to do
23   it by video.  Maybe that will be the last videoconference we
24   have.  I don't know.  We can all hope.  But we'll do it by
25   video on July 7th, 10:00 a.m.  And, Mr. Bozell, you need to be
```

1  present and available at that time.  Failure to appear could,

2  again, subject you to serious consequences.  And, lastly, were

3  you to commit a crime while on release under your current

4  conditions, that would expose you to the potential for more

5  serious penalties.

6       Now, Mr. Deitch, I am assuming that you and Mr. Bozell

7  will consent to a video status conference on July 7th; is that

8  correct?

9       MR. DEITCH:  Yes, Your Honor.

10       THE COURT:  All right.  So we'll do it that way

11  unless you hear differently from the Court.

12       With that, anything further, Mr. Friedman?

13       MR. FRIEDMAN:  No, Your Honor.

14       THE COURT:  Mr. Deitch?

15       MR. DEITCH:  Yes, Your Honor.  There's one issue I

16  just wanted to bring to the Court's attention.  I'm -- and I'm

17  not -- I'm not certain it requires a decision by the Court now,

18  but I thought it best to raise it, which is that it's my

19  understanding that there is a proceeding and it's -- I believe

20  the case number is 21-mc-46 in which the press is seeking

21  public access to videos that have been used as -- that I guess

22  have been used as exhibits in some of the proceedings that have

23  occurred before the Court in some of these cases and --

24       THE COURT:  I believe that was just filed in the last

25  couple of days, yes.

```
 1              MR. DEITCH:  And my understanding is --

 2              THE COURT:  It's not before me -- it's not before me,

 3    by the way.

 4              MR. DEITCH:  Correct.  Correct.  But -- but my

 5    understanding is that there is a -- there's -- there's a

 6    proposal that may be adopted by the Court in that case that

 7    would create a -- some kind of repository of those videos

 8    accessible to the press and through that accessible to the

 9    public.

10         And the issue -- the issue I just wanted to raise with

11    the Court is the interface between that, the making public of

12    those videos and the provisions in the protective order that

13    limit my ability to share videos with Mr. Bozell.  And --

14    again, I don't know whether this will be -- I don't yet know

15    whether that will be adopted by the Court, but if it were and

16    if videos that are subject to that restriction were made public

17    to the press, I -- I presume -- I presume that either the

18    government would consent or that at least that the Court would

19    agree that those restrictions would no longer be in place

20    because they would no longer serve their original purpose.

21              THE COURT:  I think your point is a good one,

22    Mr. Deitch.  Mr. Friedman, perhaps, will carry that back --

23    that message back to those in his office or involved in this

24    process, because the access that the press seeks would have to

25    be facilitated through the U.S. Attorney's Office in all
```

1   likelihood.  But, yes, any resolution in that proceeding that

2   would expand press access to videos would undoubtedly have some

3   impact on existing protective orders, and that would have to be

4   taken into account and adjustments would have to be made.

5       So it's a good point, but as you also said, I don't

6   think there's anything for me to do at this time with respect

7   to that.  We'll have to wait and see, but hopefully everyone

8   who's working on it will be alerted to the kinds of issues that

9   you've just identified.

10      MR. DEITCH:  All right.  Thank you, Your Honor.

11      THE COURT:  All right.  Thank you.

12      And thank you, all.  And we will see you again on

13  July 7th at 10:00 a.m., and until then, stay well and stay

14  safe.

15      (The proceedings concluded at 10:16 a.m.)

16

17

18

19

20

21

22

23

24

25

1            <u>CERTIFICATE OF OFFICIAL COURT REPORTER</u>

2

3            I, Nancy J. Meyer, Registered Diplomate Reporter,

4     Certified Realtime Reporter, do hereby certify that the above

5     and foregoing constitutes a true and accurate transcript of my

6     stenograph notes and is a full, true, and complete transcript

7     of the proceedings to the best of my ability.

8

9                         Dated this 10th day of May, 2021.

10

11                    /s/ Nancy J. Meyer
                      Nancy J. Meyer
12                    Official Court Reporter
                      Registered Diplomate Reporter
13                    Certified Realtime Reporter
                      333 Constitution Avenue Northwest, Room 6509
14                    Washington, D.C. 20001

15

16

17

18

19

20

21

22

23

24

25