UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-28 (APM) |
| | ) | |
| **THOMAS E. CALDWELL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Thomas E. Caldwell asks the court to reconsider its decision denying his and other Defendants' motions to dismiss Counts 1 and Count 2 of the Sixth Superseding Indictment based on a statutory construction argument that he had every opportunity to make before the court ruled. *See* Def. Caldwell's Req. for Recons. Regarding Court's Ruling on Mots. to Dismiss Counts 1 & 2 (18 U.S.C. § 1512(c)), ECF No. 566 [hereinafter Def.'s Mot.]. Caldwell's motion is procedurally deficient, and it is wrong on the merits. It is denied.

I.

The Federal Rules of Criminal Procedure do not address the legal standard applicable to motions to reconsider interlocutory decisions, but courts in this District have applied the "as justice requires" standard under Federal Rule of Civil Procedure 54(b). *See, e.g., United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015); *United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013). "[A]sking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Reconsideration may be warranted where the court "patently misunderstood a party, has made a decision outside the adversarial issues presented

to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation marks omitted). The moving party bears the burden of demonstrating that reconsideration is warranted. *See Hassanshahi*, 145 F. Supp. 3d at 80.

Caldwell makes no genuine attempt to meet this standard. He does not show that the court patently misunderstood his or other Defendants' arguments for dismissal, made a decision outside the adversarial process, committed an error of apprehension, or that there has been an intervening change in law. Instead, he urges reconsideration because neither this court nor any other judge in this District—at least four have rejected similar challenges to charges brought under 18 U.S.C. § 1512(c)(2)—has "addressed the issues raised" by him. Def.'s Reply to Gov't Opp'n to Def.'s Mot., ECF No. 575 [hereinafter Def.'s Reply], at 2, 4 n.4. But a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled," *Hassanshahi*, 145 F. Supp. 3d at 80–81 (internal quotation marks omitted), and litigants who "have once battled for the court's decision, should not be permitted to battle for it again," *Arias v. DynCorp*, 856 F. Supp. 2d 46, 52 (D.D.C. 2012) (cleaned up). That is precisely what Caldwell attempts to do with his motion. He asks the court to entertain a statutory construction argument that he had ample opportunity to previously raise and present and which he seemingly conceived of only after the court ruled. That is not a proper basis on which to seek reconsideration. For that reason alone, Caldwell's motion is denied.

## II.

Nor would Caldwell prevail on the merits. He advances two arguments. First, he asks "why Congress would have inserted the word 'otherwise' into § 1512(c)(2) for the purpose of

2

demarcating separate and independent conduct between subsections (c)(1) and (c)(2) when it could have accomplished the same outcome—which it did twenty times in other areas of § 1512—by using the word 'or' alone (without 'otherwise')." Def.'s Reply at 1–2; *see also* Def.'s Mot. at 3–4.  Second, he contends that the word "'otherwise' operates as a 'conjunctive adverb' in § 1512(c), which, as a matter of basic grammatical rules, means that the adverbial clause ('otherwise obstructs, influences or impedes') functions <u>exclusively</u> to modify the preceding clause." Def.'s Reply at 2; *see also* Def.'s Mot. at 5–9.  Taken together, these arguments lead to the conclusion, he says, that "subsection (c)(1) addresses the 'letter of the law,' while (c)(2) addresses the 'spirit of the law,' i.e., to punish those who, with a nefarious purpose but in a way not specifically enumerated by Congress in (c)(1), prevent tangible evidence from being obtained and accurately considered by courts, Congress, and administrative agencies." Def.'s Reply at 9.

As to Caldwell's first point, there is an obvious answer why Congress used the word "otherwise" in section 1512(c) in addition to the word "or" to separate subsections (c)(1) and (c)(2):  to emphasize that section 1512(c)(2) is a "catch-all" provision that reaches conduct not specified in (c)(1).  *See, e.g., United States v. Burge*, 711 F.3d 803, 809 (7th Cir. 2013).  None of the other provisions within section 1512(c) contain such a catch-all.  Rather, sections 1512(a), (b), and (d) contain a finite list of proscribed ways in which to violate the statute.  *See* 18 U.S.C. § 1512. Section 1512(c) is structured differently.  It does not itemize multiple ways to commit an offense. It identifies one way in which to commit obstruction with regard to "a record, document, or other object," followed by a broad prohibition on obstructive acts that affect an official proceeding. Thus, as the court ruled, Congress meant for the word "otherwise" to "connect[] the two provisions [while] underscor[ing] that the acts prohibited by (c)(1) are 'different' from those prohibited by (c)(2)." *United States v. Caldwell*, No. 21-cr-28 (APM), 2021 WL 6062718, at *12 n.6 (D.D.C.

Dec. 20, 2021). Thus, the word "otherwise" is not under the court's interpretation, as Caldwell suggests, acting as surplusage. *See* Def.'s Mot. at 4, 9.

Nor does Caldwell's insistence that the word "otherwise" in section 1512(c)(2) is a conjunctive adverb change the court's understanding. Caldwell asserts that, as a conjunctive adverb, "otherwise" acts as a modifier, such that subsection (c)(2) "modifies" subsection (c)(1). *Id.* at 9. But "otherwise" as a modifier, or conjunctive adverb, operates differently than Caldwell posits. It looks something like this: "You need to finish your homework; otherwise, you will not make a passing grade," or "Jaimie needs to clean her room; otherwise, she will not be allowed to have her friends come over." *How to Use Otherwise in a Sentence*, Study.com, https://study.com/academy/lesson/how-to-use-otherwise-in-a-sentence.html (last visited Jan. 21, 2022). In those examples the clause following "otherwise" modifies, or further explains, the clause that precedes it: the failure to finish homework will result in a failing grade or not cleaning a room will lead to friends not coming over. But that is not how "otherwise" operates in section 1512(c). The verbs of (c)(2) in no sense modify the object of (c)(1): "obstructs, influences, influences, or impedes" in subsection (c)(2) does not supply additional meaning to "record, document or other object" in subsection (c)(1). The far more natural reading is the one the court adopted: "otherwise" means "in a different way or manner." *See Caldwell*, 2021 WL 6062718, at *12. Understood in that sense, section 1512(c)(2) means "that a crime will occur in a different ('otherwise') manner compared to § 1512(c)(1) if the defendant 'obstructs, influences, or impedes any official proceeding' without regard to whether the action relates to documents or records." *United States v. Petruk*, 781 F.3d 438, 446–47 (8th Cir. 2015).

In truth, Caldwell does not read "otherwise" as a modifier. He reads it as a word of *limitation* that restricts offenses under subsection (c)(2) to those "involving the integrity and

4

production of documentary evidence," Def.'s Mot. at 10, or "tangible evidence," Def.'s Reply at 9. But Caldwell points to no court that has read section 1512(c)(2) so narrowly and, in fact, courts have rejected that reading. *See, e.g., Petruk*, 781 F.3d at 446 (8th Cir. 2015) (rejecting argument that section 1512(c)(2) "is limited to obstruction involving documents or physical evidence"); *United States v. Ring*, 628 F. Supp. 2d 195, 224 (D.D.C. 2009) (rejecting assertion that "18 U.S.C. § 1512(c)(2) applies only to acts involving 'tampering with documents or physical evidence'").

The court leaves it to grammarians to say whether "otherwise" as it appears in section 1512(c)(2) is properly classified as a conjunctive adverb. Whether it is or not does not alter this court's reading of the statute.

### III.

For the foregoing reasons, the court denies Defendant Caldwell's motion for reconsideration.

Dated: January 24, 2022

Amit P. Mehta
United States District Court Judge

5