**UNITED STATES DISTRICT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-cr-00216 JDB** |
| | ) | |
| **LEO BRENT BOZELL,** | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**DEFENDANT LEO BRENT BOZELL'S MEMORANDUM**
**REGARDING ELEMENTS OF THE CHARGED OFFENSES**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

COMES NOW Defendant Leo Brent Bozell, through his undersigned counsel of record William L. Shipley, and respectfully submits this Trial Brief in advance of trial in this matter set to begin on September 6, 2023.

Defendant Bozell is charged in a ten count Superseding Indictment, alleging six felonies and four misdemeanors, dated April 26, 2023.

Count One:  18 U.S.C. Sec. 1512(c)(2) and 2 (Corruptly obstructing Congress).

Count Two:  18 U.S.C. Sec. 1361 and 2 (Deprivation of government property).

Count Three:  18 U.S.C. Sec. 1361 and 2 (Deprivation of government property).

Count Four: 18 U.S.C. Sec. 231(a)(3) (Civil Disorder)

Count Five:  18 U.S.C. Sec. 111(a) (Assault, interfere, etc., a federal officer).

Count Six:  18 U.S.C. Sec. 1752(a)(1) (Entering restricted grounds)

Count Seven: 18 U.S.C. Sec. 1752(a)(2) (Entering restricted grounds)

Count Eight:  40 U.S.C. Sec. 5104(e)(2)(D) (Disorderly Conduct in the Capitol).

Count Nine:  40 U.S.C. Sec. 5104(e)(2)(F) (Act of Violence in the Capitol).

Count Ten:  40 U.S.C. Sec. 5104(e)(2)(G) (Parading/Demonstrating in the Capitol).

I.     FACTUAL OVERVIEW

There is substantial video evidence showing Defendant Leo Bozell at the Capitol and inside the building on January 6, 2021.  His identity and his presence there not disputed.  His identity is established not only by his facial features, but also by distinctive clothing and a hat he was wearing.

The disputed issues in the trial will involve his motives and intention upon entering the building as reflected by his conduct while inside.

The evidence will show that Mr. Bozell had motives for attending the "Stop The Steal" rally that had nothing to do with the political event.  The evidence will show that following the end of the Rally, Mr. Bozell went toward the Capitol not because of the directions given by speakers; not to join the large crowd that departed *en masse* for that location; and not because of any events that were planned at the Capitol for later in the afternoon.  He went in the direction of the Capitol because he had parked his car on the east side of the Capitol building.  As a longtime resident of the Washington D.C. metro area in his younger years, Mr. Bozell was familiar with the physical layout of the District, he knew where he could easily park notwithstanding the very large event planned for the area of the Mall, and he knew where he could depart from without encountering much traffic difficulty to return home.   All those answers were found on the east side of the Capitol building.   It is expected that Mr. Bozell will take the witness stand and explain the sequence of events that led him to stop at the Capitol while on the way to the location where he had parked his car.

Count Five charges a violation of 18 U.S.C. Sec. 111(a) – assaulting, interfering with, etc., federal officers.  The episode that involves the allegations of this Count are separate in terms of timing and location to all the other Counts alleged in the Superseding Indictment, and is unrelated to the events that happened either entering the building or once inside.  The Sec. 111(a) count involves a crowd of rioters going up the outside steps to the Upper Terrace Level.  The Government contends Mr. Bozell was in that crowd and participated in the crowd overwhelming the police line blocking rioters from

reaching the Capitol building's exterior.  Mr. Bozell denies any involvement in overwhelming the police line, and specifically denies any conduct that could be deemed as involving an "assault" on any officer as that term is legally defined for purposes of Sec. 111.

The video evidence – offered by both the Government and the Defense – will show that Mr. Bozell was involved in breaking a window next to the Senate Wing door that was the initial entry point for protesters who initially accessed the building.  The first window to be completely broken out was not the window that Mr. Bozell participated with others in breaking.

But Mr. Bozell did participate in breaking the window with a metal grate cover for a drain pipe that he picked up off the ground.

Mr. Bozell was inside the Capitol for an extended period of time after entering through the broken window, but at no time was he engaged in any type of physical or violent confrontation with police officers or Congressional staff.  In fact, video evidence will show that Mr. Bozell assisted in some small way law enforcement officers that he thought could be helped by his assistance.

The video will show him wandering around various locations inside the Capitol, and very often looking at his phone to read information on social media.   Mr. Bozell had not spent any significant amount of time inside the Capitol prior to January 6, 2021, and was while walking around was – for the most part – simply lost and wandering from place-to-place observing events as they transpired.  He was alone, he had not come to Washington with any other

person, and to the extent he acted in a similar fashion to others around him it was purely coincidental.

Throughout his time inside the Capitol, Mr. Bozell encountered and was in close proximity with numerous law enforcement officers and persons who appear to be Congressional staffers or other types of employees.  There are episodes where he engaged in conversation with such individuals he encountered, and one instance in which he attempted to aid a police officer who had been sprayed in the face with pepper spray, offering to assist him with a bottle of water to wash his face and eyes.

Such video evidence is not only mitigating, but it also goes to the issue of "intent" and "state of mind" of Mr. Bozell during his encounters with law enforcement and other authorities in the course of events on January 6, 2021.

But for the addition of the Sec. 111(a) count and the Government's insistence that any plea agreement include a guilty plea on the Sec. 111(a) count, it is quite likely that Mr. Bozell would be pleading guilty and not proceeding to trial.

## II.    EVIDENTIARY ISSUES.

Mr. Bozell is not aware of any evidentiary issues that might arise during trial with regard to the admissibility or relevance of the evidence to be presented in the Government's Case-In-Chief to the extent he knows of that evidence.

Counsel for both parties have worked together in order to stipulate to the foundation necessary for admission of various items of documentary and video

evidence.  It is anticipated that most, if not all, of the Government's proffered exhibits will come into evidence without objection based on foundation or authenticity.  As indicated at the Pretrial Conference, counsel for Mr. Bozell may raise objections based on the grounds of "cumulative" presentation of evidence on one or more particular issues.

Counsel for both parties have worked together to reach stipulations for the admission of certain witness testimony by way of transcripts of testimony from those witnesses for the Government in prior trialson the same subject-matter.  Where possible, the parties have worked together to reach factual stipulations on particular facts that establish elements of individual offenses and are not disputed.   The parties anticipate that those stipulations will be read into the record at the appropriate time as the evidence is presented.

The foundational premise of Mr. Bozell's defense is to "not deny the obvious."  The Government will be held by the defense to its constitutional burdens at trial, but where disputes would be frivolous or in bad faith, Mr. Bozell will not advance any such disputes with respect to the evidence.


III.    ELEMENTS OF THE OFFENSES CHARGED

Count One charges Mr. Bozell with a violation of 18 U.S.C Sec. 1512(c)(2), "Corruptly Obstructing an Official Proceeding."

In order to find a defendant guilty of corruptly obstructing an official proceeding, the Government must prove:

First, the defendant obstructed or impeded an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of the defendant's conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

Mr. Bozell recognizes that all the Judges in this District have concluded as a matter of law that the Joint Session of Congress to certify the electoral votes from the 2020 Presidential election taking place on January 6, 2021, beginning at 1:00 p.m., was an "official proceeding" before the Congress.

 To act "corruptly" means the defendant used unlawful means or had an improper purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

"Obstructing" an official proceeding is not a violation of Sec. 1512(c)(2) – only "corruptly" obstructing an official proceeding is a federal crime.


Counts Two and Three charge Mr. Bozell with separate counts of violating 18 U.S.C. Sec. 1361 and 2, Deprivation of government property. amage, or destroy property of the United States and with aiding and abetting others to commit that offense.

In order to find a defendant guilty of injuring, damaging, or destroying property of the United States,  the Government must prove:

First, that the defendant injured, damaged, or destroyed property;

Second, that the defendant did so willfully;

Third, that the property involved was property of the United States, or of any department or agency thereof; and

Fourth, the damage or attempted damage to the property in question exceeded the sum of $1,000.

Count Four charges Mr. Bozell with a violation of 18 U.S.C. Sec. 231(a)(3) -- Civil Disorder.

In order to find a defendant guilty, the Government must prove that on or about January 6, 2021, between approximately 2:00 pm and 5:30 pm, within the District of Columbia:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

"Civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to

another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

Count Five charges Mr. Bozell with a violation of 18 U.S.C. Sec. 111(a) – assaulting, resisted, etc., a federal officer).

In order to find a Defendant guilty, the Government must prove:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the United States government;

Second, the defendant did such acts forcibly;

Third, the defendant did such acts voluntarily and intentionally; and

Fourth, the officers were then engaged in the performance of their official duties.

To satisfy the "physical-contact" provision of 18 U.S.C. § 111(a), the Government must prove that the defendant forcibly assaulted one or more of the above officers.

To satisfy the "other-felony" provision of 18 U.S.C. § 111(a), the Government must prove that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with one or more of the above officers with the intent to commit another felony offense charged in the Superseding Indictment.

"Simple assault," as used in 18 U.S.C. § 111(a), means (a) an attempt to cause or purposely, knowingly, or recklessly cause bodily injury to another; or (b) negligently cause bodily injury to another with a deadly weapon; or (c)

attempt by physical menace to put another in fear of imminent serious bodily injury. See <u>United States v. Duran</u>, 96 F.3d 1495, 1509 (D.C. Cir. 1996).

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

Model Penal Code § 210.0(1).

"Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Model Penal Code § 210.0(2).

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Actual physical contact with the officer is not required, but some measure of presently applied force is. Physical intimidation is not enough. A person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

<u>Count Six</u> charges Mr. Bozell with a violation of  18 U.S.C. Sec. 1752(a)(1) (Entering restricted grounds).

In order to find a defendant guilty, the Government must prove:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

Count Seven charges Mr. Bozell with a violation of 18 U.S.C. Sec. 1752(a)(2) -- entering and remaining on restricted grounds.

In order to find a defendant guilty the Government must prove:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by

jostling against or unnecessarily crowding that person. Disorderly conduct is that which tends to disturb the public peace, offend public morals, or undermine public safety.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

Count Eight:  40 U.S.C. Sec. 5104(e)(2)(D) (Disorderly Conduct in the Capitol).

In order to find a defendant guilty, the government must prove:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

"Disorderly conduct" and "disruptive conduct" have the same definitions as with respect to Count Seven.

"Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

Count Nine charges Mr. Bozell with a violation of 40 U.S.C. Sec. 5104(e)(2)(F) – An Act of Violence in the Capitol.

In order to find a defendant guilty, the Government must prove:

1. The defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

2. The defendant acted willfully and knowingly.

"Act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or damage to, or destruction of, real or personal property. See 40 U.S.C. § 5104(a)(1).

"Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

Count Ten charges Mr. Bozell with a violation of  40 U.S.C. Sec. 5104(e)(2)(G) – parading/picketing/demonstrating in the Capitol Building

In order to find a defendant guilty, the government must prove:

First, the defendant was inside the U.S. Capitol Building.

Second, the defendant paraded, demonstrated, or picketed.

Third, the defendant acted willfully and knowingly.

Parading and picketing have their ordinary meaning.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings.

OPENING STATEMENT:

Mindful of the fact that this is a bench trial, and that a preview of the evidence in summary fashion is set forth above, the undersigned counsel

expects to make only a brief opening statement prior to the commencement of the Government's case-in-chief.

Dated: August 31, 2023               Respectfully submitted,
                                         /s/ William L. Shipley
                                         William L. Shipley, Jr., Esq.
                                         PO BOX 745
                                         Kailua, Hawaii 96734
                                         Tel: (808) 228-1341
                                         Email: 808Shipleylaw@gmail.com

                                         *Attorney for Defendant*