UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-00216 (JDB) |
| v. | : | |
| | : | |
| LEO BRENT BOZELL IV | : | |
| | : | |
| Defendant. | : | |

UNITED STATES' OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE SENTENCING

The United States of America respectfully submits this opposition to defendant Leo Brent Bozell IV's motion to continue sentencing, ECF No. 79.

### I.   Factual Background

The defendant was charged by criminal complaint on February 11, 2021. ECF No. 1. On April 23, 2023, a superseding indictment was returned, charging the defendant with ten counts:

1. Count One, Obstruction of an Official Proceeding, Aiding and Abetting, 18 U.S.C. §§ 1512(c)(2), 2;
2. Count Two, Destruction of Government Property, Aiding and Abetting, 18 U.S.C. §§ 1361, 2;
3. Count Three, Destruction of Government Property, Aiding and Abetting, 18 U.S.C. §§ 1361, 2;
4. Count Four, Interfering with Law Enforcement During a Civil Disorder, Aiding and Abetting 18 U.S.C. §§ 231(a)(3), 2;
5. Count Five, Assaulting, Resisting or Impeding Certain Officers, 18 U.S.C. § 111(a)(1);
6. Count Six, Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1);
7. Count Seven, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2);
8. Count Eight, Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D);
9. Count Nine, Act of Physical Violence in a Capitol Building or Grounds, 40 U.S.C. § 5104(e)(2)(F); and

      10.       Count Ten, Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G).

A bench trial commenced on September 6, 2023. On September 8, 2023, the defendant was found guilty on all ten counts. Minute Order (9/8/2023). After the Court delivered the oral verdict, the Court consulted with the parties to schedule the sentencing hearing. The Court explained that a sentencing is scheduled "90 days approximately out" to accommodate the workload of the probation office. Trial Tr. at 516 (9/8/23). Thus, on the Court's calculations, the sentencing should have been scheduled in early December. *Id.* However, defense counsel Shipley represented that, given where he travels from (Hawaii), he would like to avoid coming to Washington, D.C. in December[1], and thus requested a hearing date in January. *Id.* at 516-517. To accommodate defense counsel's request, the Court scheduled sentencing a full month later – on January 9, 2024.

In late November 2023, approximately one and a half months before the scheduled sentencing hearing, Eric Snyder entered an appearance for defendant Bozell. ECF No. 74. Mr. Synder requested the government's consent to continue sentencing for one month in order to permit him time to review discovery. The government consented to the one-month continuance to permit Mr. Synder time to review the case file but noted that sentencing had already been delayed.

After consulting with the probation office, Mr. Synder filed a consent motion requesting a continuance of the sentencing date from January 9 until April 9, 2024. Mr. Synder represented (and the government confirmed) that the Probation Office required an additional 90 days to allow a new probation officer to produce a presentence report, after the formerly assigned probation officer was transferred to a new district. ECF No. 75 at 1.

---

[1] Despite this representation, Mr. Shipley was already scheduled to be in Washington, D.C. in December 2023 for another January 6 trial beginning on December 11, 2023. *See United States v. McKellop*, 21-cr-268 (Minute Entry 8/21/2023).

2

The Court granted the additional requested time.

After the Court continued sentencing until April 2024 – seven months after the defendant was found guilty – trial counsel Shipley moved to withdraw from the case. ECF No. 76. Given another counsel had already entered his appearance in the case, indicated that one-month was sufficient time to get up to date on the discovery and trial exhibits, and a sentencing date was set several months in the future, the United States did not file an opposition to Mr. Shipley's withdrawal. Indeed, there was no reason to believe that the withdrawal would impact the twice-moved sentencing date.

The probation office filed a draft presentence investigation report on March 1, 2024. ECF No. 77. About a week later, Mr. Shipley filed a notice of appearance, requesting to again represent the defendant. ECF No. 78.

Several days later, Mr. Shipley and Mr. Snyder filed a motion to continue sentencing to an unidentified date. ECF No. 79.

## II.   The Court Should Deny Defendant's Request To Delay Sentencing Again

The defendant was found guilty of numerous serious offenses in September 2023 – more than 7 months prior to the scheduled sentencing hearing. The defense raises three grounds to support its latest motion to continue. As explained below, none of these grounds warrant an additional continuance (or stay, which is, in effect, what the defense actually seeks), and the government respectfully urges the Court to deny defendant's motion.

### A.   The Recent Decision In *Brock* Does Not Justify A Continuance

First, defense requests a continuance of the April sentencing date because they claim the recent opinion in *United States v. Brock*, "dramatically alter[s] the sentencing factors that might

3

come into play on Mr. Bozell's conviction" under 18 U.S.C. § 1512(c)(2). This argument is unsupported.

On Friday, March 1, 2024, the United States Circuit Court for the District of Columbia issued *United States v. Brock*, No. 23-3045, 2024 WL 875795 (D.C. Cir. March 1, 2024). In *Brock*, the defendant was convicted of, among other crimes, 18 U.S.C. § 1512(c)(2). At sentencing, the district court applied a three-level sentencing enhancement to Brock's Section 1512(c)(2) conviction on the ground that Brock's conduct resulted in "substantial interference with the administration of justice[.]" *Brock*, 2024 WL 875795 at *1. The D.C. Circuit held that the three-level enhancement under U.S.S.G. § 2J1.2(b)(2) for "substantial interference with the administration of justice" does "not encompass Congress's role in the electoral certification process." *Brock*, 2024 WL 875795 at *8. Thus, the D.C. Circuit vacated defendant Brock's sentence and remanded to the district court for resentencing. *Id.*

The ruling in *Brock* implicates the sentencing guidelines in cases involving convictions under 18 U.S.C. § 1512(c)(2), because it removes the application of the three-level enhancement under Section 2J1.2(b)(2), as well as its eight-point corollary under Section 2J1.2(b)(1)(B). However, that does not warrant a continuance here. Several cases involving convictions under Section 1512(c)(2) have gone through with sentencing since the *Brock* opinion was issued. The probation office, the government, and defense counsel in numerous cases have successfully updated Guidelines calculations in accordance with *Brock* to no effect of sentencing dates, including for sentencings that were scheduled and have taken place before the sentencing in this

4

case. *E.g.*, *United States v. Bender*, 21-cr-508 (BAH).[2] The same can be done here. This argument is particularly unavailing in this case where the probation office has not yet finalized the presentence report and neither party has filed sentencing memorandums with guidelines calculations.

      **B.**    **The Supreme Court's Grant Of Certiorari In *Fischer* Does Not Justify A Continuance**

In support of the requested continuance, the defense next references *United States v. Fischer*, pending before the Supreme Court, and asserts that the "legal viability" of a conviction under Section 1512(c)(2) is set to be resolved. The Supreme Court's grant of certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572, does not merit a continuance of the sentencing hearing scheduled for April 4, 2024.

First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge

---

[2] *United States v. Bender*, 21-cr-508- BAH, ECF 161 at 3 n.1 ("The D.C. Circuit issued an opinion on March 1, 2024 in *United States v. Brock*, No. 23-3045, holding that the sentencing enhancement at U.S.S.G. § 2J1.2(b)(2) does not apply to convictions under 18 U.S.C. § 1512(c)(2) for conduct disrupting Congress's counting and certification of the electoral college votes on January 6, 2021, but that decision does not influence the outcome in this case, since *the Court would have varied upwards by at least three offense levels to account for the significant disruption of a critical and important governmental function as a result of defendants' offense conduct if the specific offense characteristic at U.S.S.G. § 2J1.2(b)(2) did not apply.*") (emphasis added).

in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer,* defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant *certiorari* in *Fischer*.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the commission of the offenses on which the defendant was convicted, and more than **9 months** after the Court found the defendant of ten counts following the September 2023 bench trial. Delaying the sentencing for another several months would undermine the interests of the public in the timely adjudication of a case of great significance.

A further lengthy delay of sentencing for the defendant would also afford him an unfair advantage not granted to other similar January 6 defendants, many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

The defendant will not suffer any irreparable injury by proceeding with sentencing as scheduled in April 2024. Even were the Supreme Court to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal, and not a motion to set aside the verdict. Indeed, a motion for a new trial under Federal Rule of Criminal Procedure 33 would be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) ("As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Bailgey*, No. 92-3845, 1994 U.S. App. LEXIS 29946, at *4 (7th Cir. Oct. 24, 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule 33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict."). Defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully

7

reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999).

Moreover, obstruction of Congress was not the defendant's only conviction. The defendant will also be sentenced for *nine* separate offenses – four of which are felonies and all of which are outside the scope of the *Fischer* appeal. Thus, even if the Supreme Court issues an adverse ruling to the government's position, and the defendant were only to be sentenced on the remaining nine offense, the government maintains that the defendant's guidelines range would be 151-188 months (based on offense level 34 and Criminal History Category 1). Accordingly, it is unlikely the defendant would have served his full sentence on the remaining nine counts by mid-June. And if it does somehow happen that the defendant serves his full sentence on the remaining nine counts of conviction before the Supreme Court resolves *Fischer*, the defendant could move for release pending appeal at that point under 18 U.S.C. § 3143(b). *See, e.g.*, *United States v. Donovan Crowl*, 21-cr-208 (APM) Dec. 20, 2023 Minute Order (denying motion to stay sentencing pending ruling in *Fischer* and noting that defendant also set to be sentenced for violation of 18 U.S.C. § 231(a)(3)).

Any potential irreparable injury to the defendant can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1)   "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
> (2)   that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of the defendant's motion to stay. The Bail Reform Act – not a stay of the proceedings, which is, in effect, what the defendant requests here – is the proper mechanism under which to address any potential.

### C. Defense's Late Contention That "Additional Video Evidence" May Become Available Does Not Support A Continuance

Finally, without providing specifics, defense counsel asserts that "additional video evidence in mitigation . . . **will become** available" to defense counsel and these videos "**will include** additional acts" by the defendant that show the defendant coming to the "assistance" of police officers inside the Capitol. ECF No. 79 at 3-4 (emphasis added). Defense counsel asserts that this unidentified video evidence "will be crucial to the Court's decision as to whether to apply the terrorism enhancement sought by the Government." ECF No. 79 at 3-4. Specifically, defense counsel argues that this new video evidence will "rebut" the standard set forth in 18 U.S.C. § 2332(b), which defines "an act of terrorism." *Id.* at 4.

This argument is specious. As an initial matter, defense has failed to provide any details regarding this alleged video footage including where it shows the defendant assisting police officers, when, how, or why. And even if this video did exist, it is likely cumulative. The defendant testified at trial that he helped a police officer off the ground, dusted off the police officer, and said, "I'm sorry this happened to you." Trial Tr. at 320 (9/7/23). The potential that video footage of this same incident exists and may, at some unspecified point in the future become available, does not warrant a continuance of the sentencing hearing. To the extent the defense counsel wishes

9

to argue that these actions bear on the application of an enhancement under U.S.S.G. § 3A1.4(a), they are free to do so on the current record.

Even if additional video footage that has never been seen by the defendant did exist and does show the defendant inside the Capitol building and helping police officers at some point after he destroyed and damaged government property – those speculative hopes do not provide a basis to continue this sentencing. Indeed, if the Court were to accept the proposition that defendants should be permitted to hold off on sentencing for an unspecified period of time in the event that mitigating evidence might suddenly come to light, the criminal justice system would grind to a halt. This is particularly so where the purported mitigating evidence has already been admitted on the evidentiary record through the defendant's testimony.

### D. The Government And Public Has An Interest In Speedy Sentencing And No Additional Delays Are Warranted Here

The government acknowledges that district courts generally have power and discretion to set their own calendars, but certain limits apply. The Federal Rules of Criminal Procedure require that "[t]he court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). While no statute or common law precedent dictates precisely when sentencing must occur, *see Betterman v. Montana*, 578 U.S. 437, 447–48 (2016) (holding that the Sixth Amendment Speedy Trial Clause does not apply to the period between conviction and sentencing, but noting that "due process serves as a backstop against exorbitant delay"), sentencings in this district typically occur within 90 days of a guilty plea or trial verdict, as this Court acknowledged on September 8, 2023 at the reading of the verdict.

A defendant cannot unilaterally waive the right to a speedy sentencing. *Cf. Zedner v. United States*, 547 U.S. 489, 500 (2006) (holding the same with respect to the Speedy Trial Act, 18 U.S.C.

10

§ 3161 *et seq.*). This constraint comports with the fact that not only defendants, but the government and the public all have an interest to a speedy adjudication of criminal cases. *See United States v. Ray*, F.3d 184, 201 (2d Cir. 2009) ("[A] sentencing delay disserves a basic notion that, once convicted, an offender should be able to serve his sentence and be done with it.") (internal quotation omitted); *United States v. Tapia*, 3:19-cr-57 (RAM), 2020 WL 4572334, *2 (D.V.I. Aug. 7, 2020) (noting that the public has an interest in the efficient "operation of the courts and the judicial system," which would be infringed "by unduly delaying a defendant's sentencing") (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n.8 (1987)); *see also Zedner*, 547 U.S. at 501 (noting the public interest in "preventing extended pretrial delay from impairing the deterrent effect of punishment."). Consequently, in scheduling a sentencing, the Court must consider the impact of any delay on the purposes behind criminal sentencing, which are "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 564 U.S. 319, 325 (2011).

    The public and the government have a right to a speedy sentencing, and sentencing in this case has been delayed long enough. The April 2024 sentencing date is seven months after the defendant was found guilty of ten serious offenses. The government respectfully urges this Court to deny this request.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      United States Attorney
                                      D.C. Bar No. 481052

                    By:    /s/ Ashley Akers
                            Ashley Akers
                            Trial Attorney

        Missouri Bar No. 69601
        601 D Street NW
        Washington, D.C. 20005
        (202) 353-0521
        Ashley.Akers@usdoj.gov