**UNITED STATES DISTRICT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-cr-00216 JDB** |
| | ) | |
| **LEO BRENT BOZELL,** | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**DEFENDANT LEO BRENT BOZELL'S RESPONSE TO THE**
**GOVVERNMENT'S OPPOSITION TO HIS MOTION TO**
**CONTINUE SENTENCING**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*


Eric Snyder
888 16th St NW
Washington, DC 20006
Phone: (202) 857-1700
Fax: (212) 548-7113
E: esnyder@mcquirewoods.com

COMES NOW Defendant Leo Brent Bozell, by and through his undersigned counsel of record Eric Snyder and William L. Shipley, and responds to the Government's Opposition to the motion to continue his sentencing hearing in order to provide counsel additional time to gather mitigating evidence and adequately prepare for the sentencing hearing.

As noted in the Motion, following the issuance of the draft PSR that applied the "terrorism enhancement" for Mr. Bozell's having assisted in the breaking of two windows, a determination was made by Mr. Bozell that trial counsel Shipley was needed to be involved in the sentencing process given the novel and unprecedented nature of the Government's push for a guideline calculation that produced a sentencing range of 210-262 months.

The Court will recall from the trial testimony and video evidence that there were events captured by CCTV cameras showing Mr. Bozell coming to the assistance of a USCP Officer who had just been sprayed in the face with a chemical irritant of some type. The Court acknowledged while reading its verdict that this episode was a commendable effort on Mr. Bozell's part to come to the aid of the stricken officer, but it did not undo the criminal conduct the Court otherwise found to have been established by the Government's case.

Mr. Bozell testified that there were other similar episodes on his part both outside the Capitol where violence was occurring between protesters and police, and inside the Capitol during the time he was walking through the hallways. The defense acknowledges that the same caveat would apply – evidence of Mr. Bozell's efforts to be a "Good Samaritan" consistent with his devout beliefs do not undermine the verdicts rendered by this Court.

Such evidence does, however, reflect positively on Mr. Bozell's character and is evidence in mitigation that serves as a counter-balance to the proposition that his actions constituted "acts of terrorism" or – in the language of the statute that would be the basis for the application of the terrorism enhancement were "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct."  18 U.S.C. Sec. 2332b(g)(5)(A).

The presence of this scienter is different from the scienter found with respect to each crime for which Defendant Bozell stands convicted.  For the terrorism enhancement to apply, this scienter must be present in connection with the offense of conviction -- depredation of government property -- but it is not an element of that offense.

The introduction of this issue via the PSR compels the defense to engage in a wide-ranging search for mitigating evidence that would serve to undermine such a finding, or to at least militate against the application of the full weight of the enhancement under the facts of this case.

As noted in the motion, Defense Counsel has been made aware of the availability of additional video evidence not provided by Congress to the Department of Justice, and not available to the defense at the time of trial.  A request has been made through staff of multiple House committees to produce such evidence to the defense for use at sentencing, and a representation has been made that such evidence will be compiled and produced as quickly as possible.  It is not possible to predict when precisely this evidence will be

provided, but counsel has been cautioned that getting the evidence prior to April 4 is unlikely.

Thus, the request for additional time is not only for the purpose of addressing changes – and more possible changes in the near future – in the legal landscape underpinning sentencing in this case (*Brock* and *Fischer*), but also to afford defense counsel additional time to address the shocking effort by the Government to have the terrorism enhancement applied to Mr. Bozell under circumstances that appear to be distinct from any other January 6 defendant to date.

In its Opposition the Government makes an issue of the amount of time that has passed from the date of the offense until the date of this motion – without once taking responsibility for having caused a significant amount of the delay in this case by its own conduct.

Mr. Bozell was originally indicted on March 12, 2021.

Months passed without the case being able to be set for trial due to the failure of the Government to timely comply with its discovery obligations under Rule 12 or its Brady/Giglio obligations under Rule 5(f).

It was not until July 18, 2022 – 16 months after the indictment -- that the initial trial date of March 20, 2023 was set, 24 months after the indictment was first returned.

In January 2023, Counsel for Mr. Bozell was still in trial in United States v. Minuta, the second "Oath Keepers" trial before Judge Mehta.  During a status conference on January 13, 2023, the Court continued Mr. Bozell's trial

4

for two months due to Mr. Bozell's counsel's inability to prepare for one trial while still engaged in a different trial.  The new trial date was May 15, 2023.

On March 18, 2023, Defendant Bozell moved to continue the May 15 trial date based on an representation by the Government that it intended to seek a Superseding Indictment that would charge new offenses under different statutes than had been charged in the original indictment.

In opposing the motion the Government first claimed that the May 15, 2023, trial date still afforded Mr. Bozell time to prepare given that the Superseding Indictment was expected in late April.  The Court granted the motion to continue to give Mr. Bozell time to prepare to defend the new charges.  The trial was moved from May 15, 2023, to September 6, 2023.

So it was 24 months from indictment to the first trial date – caused by the Government's inability to timely produce discovery – and an additional 5 months by a Superseding Indictment sought and obtained more than two years after the initial indictment.

As noted by the Government, another 3 months of the delay since the conclusion of the trial was necessitated by staffing shortages in the Probation Office.

Yet the Government objects to Defendant Bozell's request for an additional 90 days to properly prepare for sentencing given the reentry of co-Counsel Shipley back into the case – because 38 months since the date of the offenses suddenly time is of the essence?

 The Government's Opposition spends much time and energy responding to arguments not put forward by Mr. Bozell's motion to continue with regard to

the content of the Presentence Report and the implications of *Brock* and *Fischer* thereon.

The PSR in its current draft form was first disclosed to the parties on March 1, 2024 – only 17 days ago.

Beginning at P. 26, it has a single Guideline Calculation – one for the violation of 18 U.S.C. Sec. 1512(c)(2).  That calculation includes the "Specific Offense Characteristics" that enhance the Offense Level by +3 and +8 – the two enhancements that rely on the phrase "administration of justice" and are now implicated by *Brock*.

Practically speaking, the PSR includes no guideline calculation for any of the other offenses for which Mr. Bozell was convicted. Hence, the PSR contains no applicable guideline calculation at all.

There are four felony convictions – violations of Sections 111(a), 231, 1512(c)(2) and 1361.  The PSR is supposed to include guideline calculations for each offense of conviction and then proceed from there to the application of other provisions.

Assuming the defense prevails upon the Court to not impose the "terrorism enhancement" under Chapter 3, the next question would be which of the four offenses would produce the highest Adjusted Guideline range?

If the Supreme Court rules in favor of the defendant in Fischer, not only would that eliminate the Sec. 1512(c)(2) count from that determination, the absence of a conviction under Sec. 1512(c)(2) would also change the "grouping" calculations.

The question posed by the Supreme Court in *Fischer* is:

"Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ("Witness, Victim, or Informant Tampering"), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?

Defendant Bozell submits that any answer finding that the D.C. Circuit erred is going to be a legal basis to vacate the conviction of Mr. Bozell on that charge, whether at the time of sentencing or at resentencing after remand following appeal.   While it is not certain one way or the other how the Court will resolve this question, the uncertainty can be eliminated altogether by delaying sentencing for 90 days until the Court has resolved the question posed by the case.

It behooves this Court and the parties to allow the "dust to settle" from *Brock* and *Fischer*, allow defense counsel the additional time requested to address the shortcomings of the PSR, to properly prepare and present Mr. Bozell's case at sentencing, and to avoid the need – potentially – for a resentencing hearing to address issues that can be resolved by a short delay.

Dated: March 18, 2024                    Respectfully submitted,

                                         /s/ Eric Snyder
                                         Eric Snyder
                                         888 16th St NW
                                         Washington, DC 20006
                                         Phone: (202) 857-1700
                                         Fax: (212) 548-7113
                                         E: esnyder@mcquirewoods.com

                                         /s/ William L. Shipley

William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorneys for Defendant*