UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LEO BRENT BOZELL IV,<br>also known as Zeeker Bozell,<br><br>Defendant. | Criminal Action No. 21-216 (JDB) |

### ORDER

Before the Court is [79] defendant Leo Brent Bozell IV's motion to continue the sentencing currently set for April 4, 2024 and to vacate associated filing deadlines. Bozell provides no date for a rescheduled sentencing, and his argument would lead to a delay of many months. None of the reasons Bozell offers for an indefinite continuance are persuasive. First, parties and courts routinely work through disputes as to the application of the Sentencing Guidelines. Second, Probation and the parties can account for United States v. Brock, No. 23-3045, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024), in the final Presentence Investigation Report and in the parties' sentencing memoranda. Third, while the Supreme Court's grant of certiorari in Fischer v. United States, 144 S. Ct. 537 (2023), may demonstrate that the § 1512(c)(2) question is a "substantial" one for purposes of the distinct release-pending-appeal inquiry, it does not follow that Bozell has shown a strong likelihood of success on the merits of this question for purposes of the continuance inquiry. See United States v. Carnell, Crim. A. No. 23-139 (BAH) (D.D.C. Jan. 4, 2024), ECF No. 75 at 2–5. Moreover, Bozell was convicted of multiple other felonies in addition to § 1512(c)(2), and he may pursue a post-sentencing appeal should the Supreme Court decide Fischer in a way that affects his sentence. Fourth, the defense's contention that additional,

unspecified video evidence will become available is speculative and such evidence appears to be cumulative of evidence that was presented at trial.

Further, as the government argues, there is a public interest in timely sentencing. Bozell's offense conduct occurred more than three years ago and he was convicted more than six months ago. Additional, indefinite delay is not warranted.

Nonetheless, the Court believes that a short continuance to allow further defense preparation for sentencing is warranted. The Court will coordinate with counsel to reschedule sentencing for late April or early May and will reset the associated filing deadlines accordingly. The Court will further request that the Probation Office prepare a revised draft Presentence Investigation Report reflecting the impact of Brock on the Sentencing Guidelines calculations.

For the foregoing reasons, and upon consideration of Bozell's motion, the government's opposition, Bozell's reply, and the entire record herein, it is hereby

**ORDERED** that [79] defendant's motion to continue sentencing and to vacate associated deadlines is **GRANTED IN PART AND DENIED IN PART**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: March 18, 2024