UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LEO BRENT BOZELL IV,<br>also known as Zeeker Bozell,<br><br>Defendant. | Criminal Action No. 21-216 (JDB) |

## ORDER

Following a bench trial, this Court found defendant Leo Brent Bozell IV guilty on ten counts arising from his conduct on January 6, 2021: obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One); misdemeanor destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361 and 2 (Count Two); felony destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361 and 2 (Count Three); civil disorder, in violation of 18 U.S.C. § 231(a)(3) (Count Four); assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a) (Count Five); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Six); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Seven); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Eight); act of physical violence in the Capitol grounds or buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count Nine); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Ten). See Judgment [ECF No. 94] at 1–2; Sept. 8, 2023 Min. Entry. On May 17, 2024, this Court sentenced Bozell to 45 months' imprisonment, 24 months' supervised release, a special

1

assessment, and restitution.  See Judgment at 3–4, 7.  Bozell appealed.  See Notice of Appeal [ECF No. 96].

Bozell is set to report to the Bureau of Prisons on July 25, 2024; today, however, he filed a three-paragraph motion for release pending appeal based on the Supreme Court's decision in Fischer v. United States, 144 S. Ct. 2176 (2024), arguing that "the appeal will likely result in a reversal, in part, in light of the Fischer decision."  Def.'s Appl. for Bail Pending Appeal [ECF No. 99] ("Mot.") at 1.

Bozell's motion lacks merit for at least two independent reasons.  First, Bozell is categorically ineligible for release pending appeal.  A court

> shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b)(2) (emphasis added); see also id. § 3143(b)(1) (specifying that (b)(2) takes precedence over (b)(1)'s standard release-pending-appeal analysis).  Section 3142(f)(1)(A), in turn, identifies "an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed."  Id. § 3142(f)(1)(A).  Bozell's conviction of felony destruction of government property is such an offense.  See 18 U.S.C. § 1361; id. § 2332b(g)(5)(B).  Accordingly, this Court "shall order" his detention pending appeal.

Second, Bozell is not eligible for release under the standard 18 U.S.C. § 3143(b)(1) analysis.  Even assuming that (b)(1)'s other criteria are met, Bozell has not shown and cannot show that Fischer's impact on his § 1512(c)(2) conviction is

> likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Id. § 3143(b)(1)(B).  Contrary to Bozell's suggestion, see Mot. at 1, this inquiry is conducted holistically "across all counts of conviction."  United States v. Carpenter, No. 23-3235, 2024 WL 1340206, at *1 (D.C. Cir. Mar. 28, 2024) (per curiam); see also, e.g., United States v. Brock, No. 23-3045, 2023 WL 3671002, at *1 (D.C. Cir. May 25, 2023) (per curiam) ("Appellant, however, has not shown that 'resolution of that question in [his] favor [is] likely to lead to' reversal 'of all counts on which imprisonment is imposed.'" (emphasis and alterations in original) (quoting United States v. Perholtz, 836 F.2d 554, 556–57 (D.C. Cir. 1987) (per curiam))).  Whatever Fischer's impact on Bozell's § 1512(c)(2) conviction, it will not lead to "reversal" of all ten of his counts of conviction.  18 U.S.C. § 3143(b)(1)(B)(i).

Nor will Fischer result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  Id. § 3143(b)(1)(B)(iv).  Bozell was sentenced on multiple other felony counts and this Court expressly held that it would sentence Bozell to 45 months' imprisonment irrespective of the outcome of Fischer.  See Sent'g Tr. [ECF No. 98] at 88.

\*     \*     \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [99] defendant's motion for release pending appeal is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: July 18, 2024

3